PARIENTE, J.,
concurring.
I concur in the adoption of the amendments to these forms. I write separately to point out the important role the Florida Supreme Court Approved Family Law Forms play in providing meaningful access *116 to the courts for unrepresented litigants, and to acknowledge the work of both this Court’s staff and the Office of State Courts Administrator in ensuring that the forms remain current.
Providing forms that are in conformity with the substantive law is essential to this Court’s goal of simplifying the process in family law cases. See Amendments to the Florida Family Law Rules of Procedure & Family Law Forms, 810 So.2d 1, 1 (Fla.2000) (“Simplifying the process has been, and continues to be, a primary goal of this Court in the family law context.”). As we explained in Amendments to the Florida Family Law Rules, simplifying the process is especially important
in the domestic violence context, wherein a great many of the litigants are unrepresented. As found by the Legislature, “the incidence of domestic violence in Florida is disturbingly high, and despite efforts of many to curb this violence, ... one person dies at the hands of a spouse, ex-spouse, or cohabitant approximately every 3 days.” § 741.32(1), Fla. Stat. (1999) (“Certification of Batterers’ Intervention Programs”); see also Weiand v. State, 732 So.2d 1044, 1053 (Fla.1999) (“It is now widely recognized that domestic violence ‘attacks are often repeated over time, and escape from the home is rarely possible without the threat of great personal violence or death.’ ”).
With so much at stake, simplicity in seeking, obtaining, and understanding the relief granted in domestic violence injunction cases is absolutely essential, especially in cases involving pro se litigants. We have in the past recognized that “domestic and repeat violence injunctions are an important and significant responsibility of family courts,” In re Family Law [Rules of Procedure], 663 So.2d [1047,] 1049 [ (Fla.1995) ], and that it is extremely important to have “domestic violence issues addressed in an expeditious, efficient, and deliberative manner.” In re Report of the Comm’n on Family Courts, 646 So.2d 178, 182 (Fla.1994). We now reiterate that “we do not want these important issues to become bogged down in an administrative morass.” Id.
Id. at 2.
In deciding that this Court should be responsible for internally reviewing, revising, and otherwise maintaining the Florida Supreme Court Approved Family Law Forms, we concluded that this was consistent with “our overall vision that ‘the vast majority of the forms can be continually evaluated and updated ..., and ... can be approved by this Court by opinion whenever necessary.’ ” Id. at 14 (quoting In re Amendments to Fla. Family Laws Rules of Procedure, 724 So.2d 1159, 1160 (Fla. 1998)) (first alteration in original). We further concluded that “this plan frees the [Family Court Steering Committee] to do what this Court originally created it to do.” Id. Although I believe that these reasons for placing the responsibility on the Court for the approved family law forms are still valid, I take this opportunity to comment on the resources required to ensure that litigants have access to forms that are consistent with current legislation.
The task of reviewing legislative amendments to the pertinent statutes each year to determine what changes to the forms are necessary is a labor-intensive process that requires attorneys knowledgeable in these issues, who are employed by the Court, to help ensure that the forms accurately reflect the substantive law.[4] I have no doubt that the changes made by the Legislature are intended to improve family *117 law matters. Eliminating the filing fee for petitions for protection against repeat, dating, or sexual violence undoubtedly allows greater access to the courts for victims of this type of abuse, while creating a new cause of action for sexual violence provides legal protection to a greater number of individuals. However, for these important legislative amendments to be of value to the greatest number of Florida citizens, this Court must labor to provide up-to-date forms. I reiterate this Comb’s conclusion in Amendments to the Florida Family Laio Rules:
Some might say that, although our goals in the family law context have been simplicity and uniformity, the end result appears to be a proliferation of forms. We acknowledge that there remains significant room for improvement, but we are proud of the fact that Florida remains a leader in this relatively uncharted area.
810 So.2d at 15.
ANSTEAD, C.J., concurs.
APPENDIX
INSTRUCTIONS FOR SUPREME COURT APPROVED FAMILY LAW FORMS 12.931(a), NOTICE OF PRODUCTION FROM NONPARTY and 12.931(b), SUBPOENA FOR PRODUCTION OF DOCUMENTS FROM NONPARTY
When should these forms be used?
These forms should be used if you need copies of documents (for a purpose relating to your case) from a nonparty in your case. Both forms should be typed or printed in black ink. Notice of Production from Nonparty, «a □ Florida Supreme Court Approved Family Law Form 12.931(a), is used to notify the other party in your case that in 10 days you are going to subpoena documents from a nonparty. Subpoena for Production of Documents from Nonparty, □ Florida Supreme Court Approved Family Law Form 12.931(b), is the actual subpoena directing the nonparty to produce specific documents. You must file the originals of these forms with the clerk of the circuit court. A copy of these forms must be mailed or hand delivered to any other party in your case.
What should I do next?
Ten days after you serve the Notice of Production from Nonparty, % □ Florida Supreme Court Approved Family Law Form 12.931(a), on the other party in your case (15 days if service is by mail), you should ask the clerk of the court to sign the subpoena. You should contact the deputy sheriff or private process server and have the subpoena personally served on the person named in the subpoena.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. Because these papers must also comply with rule 12.280, Florida Family Law Rule of Procedure, and rules 1.280, 1.350, 1.351, and 1.410, Florida Rules of Civil Procedure, you also should read those rules.
Special notes ...
If the other party in your case objects in writing within 10 days (allow an additional 5 days if served by mail) of service of the Notice of Production from Nonparty, ^ □ Florida Supreme Court Approved Family Law Form 12.931(a), you may not use this procedure to obtain documents from the nonparty unless and until the court orders otherwise.
The nonparty receiving the subpoena may charge you a reasonable fee for copies of the documents.
*118 Remember, a person who is NOT an attorney is called a nonlawyer. If a nonlawyer helps you fill out these forms, that person must give you a copy of Disclosure from Nonlawyer, □ Florida Family Law Rules of Procedure Form 12.900(a), before he or she helps you. A nonlawyer helping you fill out these forms also must put his or her name, address, and telephone number on the bottom of the last page of every form he or she helps you complete.
[[Image here]]
*119 [[Image here]]
*120 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(a), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
When should this form be used?
If you are a victim of any act of domestic violence or have reasonable cause to believe that you are in imminent danger of becoming a victim of domestic violence, you can use this form to ask the court for a protective order prohibiting domestic violence. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to petitioner by any of petitioner’s family or household members. In determining whether you have reasonable cause to believe you are in imminent danger of becoming a victim of domestic violence, the court must consider all relevant factors alleged in the petition, including, but not limited to the following:
1. The history between the petitioner and the respondent, including threats, harassment, stalking, and physical abuse.
2. Whether the respondent has attempted to harm the petitioner or family members or individuals closely associated with the petitioner.
3. Whether the respondent has threatened to conceal, kidnap, or harm the petitioner’s child or children.
4. Whether the respondent has intentionally injured or killed a family pet.
5. Whether the respondent has used, or has threatened to use, against the petitioner any weapons such as guns or knives.
6. Whether the respondent has physically restrained the petitioner from leaving the home or calling law enforcement.
7. Whether the respondent has a criminal history involving violence or the threat of violence.
8. The existence of a verifiable order of protection issued previously or from another jurisdiction.
9. Whether the respondent has destroyed personal property, including, but not limited to, telephones or other communications equipment, clothing, or other items belonging to the petitioner.
10. Whether the respondent engaged in any other behavior or conduct that leads the petitioner to have reasonable cause to believe that he or she is in imminent danger of becoming a victim of domestic violence.
*121 The domestic violence laws only apply to your situation if the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren) whether or not you have ever been married or ever lived together. With the exception of persons who have a child in common, the family or household members must be currently residing together or have in the past resided together in the same single dwelling unit. If the respondent is not one of the above, you should look at Petition for Injunction for Protection Against Repeat Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(f), to determine if your situation will qualify for an injunction for protection against repeat violence, or Petition for Injunction for Protection Against Dating Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(n), to determine if your situation will qualify for an injunction for protection against dating violence, or Petition for Injunction for Protection Against Sexual Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(q), to determine if your situation will qualify for an injunction for protection against sexual violence.
If you are under the age of eighteen and you have never been married or had the disabilities of nonage removed by a court, then one of your parents or your legal guardian must sign this petition with you.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it in front of a notary public or the clerk of the circuit court in the county where you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you are a victim of domestic violence or that an imminent danger of domestic violence exists, the judge will sign an immediate Temporary Injunction for Protection Against Domestic Violence with Minor Child(ren), Florida Supreme Court Approved Family Law Form 12.980(c)(1). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. The temporary injunction gives a date that you should appear in court for a hearing. At that hearing, you will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Domestic Violence with Minor Child(ren)(After Notice), □ Florida Supreme Court Approved Family Law Form 12.980(d)(1), which will remain in effect for a specific time period or until *122 modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it.appears to the court that no imminent danger of domestic violence exists, the court will set a full hearing, at the earliest possible time, on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection Against Domestic Violence, Repeat or Dating Violence, ^ □ Florida Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline ” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic violence forms and can give you information about local domestic violence victim assistance programs, shelters, and other related services. You may also call the Domestic Violence Hotline at 1-800-500-1119. For further information, see chapter 741, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Special notes ...
With this form you may also need to file the following:
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and filed if you are asking the court to determine issues of temporary custody or visitation with regards to a minor ehild(ren).
• Notice of Social Security Number, Florida Supreme Court Approved Family Law Form 12.902®, must be completed and filed if you are asking the court to determine issues of temporary child support.
• Family Law Financial Affidavit, □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and filed if you are seeking temporary alimony or temporary child support.
• Child Support Guidelines Worksheet, ^ □ Florida Family Law Rules of Procedure Form 12.902(e), MUST be filed with the court at or prior to a hearing to establish or modify child support.
Additionally, if you fear that disclosing your address to the respondent would put you in danger, you should complete Petitioner’s Request for Confidential Filing of Address, % □ Florida Supreme Court Approved Family Law Form 12.980(h), and file it with the clerk of the circuit court and write “confidential” in the space provided on the petition.
Form 12.980(a)
*123 [[Image here]]
*124 [[Image here]]
*125 [[Image here]]
*126 [[Image here]]
*127 [[Image here]]
*128 [[Image here]]
*129 [[Image here]]
*130 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
*131 Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} ._ _, at__ a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as visitation and support. The hearing will be before The Honorable {name} _, at {room name/number, location, address, city} _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In eases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit 0%. □ Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil ease, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}_, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon-Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
*132 Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner’s residence, going to Petitioner’s place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner’s motor vehicle, whether or not it is occupied; defacing or destroying Petitioner’s personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this Section, or unless paragraph 14 below provides for contact connected with the temporary custody of and visitation with minor child(ren). a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} .___.; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
___ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department until further order of the court.
*133 _ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from domestic violence:
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
6. _ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: ___
7. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on __, at_a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. _ ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
*134 10. _ Other:
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
TEMPORARY CUSTODY OF MINOR CHILD(REN)
11. Jurisdiction. Jurisdiction to determine custody of any minor children) listed in paragraph 12 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).
12. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor child(ren) listed below:
Name Birth date
When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to custodial parent. The noncustodial parent shall not take the child(ren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the ehild(ren).
[Initial if applies; write N/A if does not apply]
—. Neither party shall remove the minor child(ren) from the State of Florida, which is the jurisdiction of this Court, prior to the hearing on this temporary injunction. Violation of this custody order may constitute a felony of the third degree under sections 787.03 and 787.04, Florida Statutes.
13. Contact with Minor Child(ren). Unless otherwise provided in paragraph 14 below, the noncustodial parent shall have no contact with the parties’ minor child(ren) until further order of the Court.
14. Other Additional Provisions Relating to the Minor Child(ren).
*135 OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Ride 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION (Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)
1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
*136 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Domestic Violence has been issued without prior notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}_ -, at-a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Domestic Violence, which would remain in effect until modified or dissolved by the Court, and whether other things should be ordered, including, for example, such matters as support. The hearing will be before The Honorable {name} _ , at {room name/number, location, address, city} _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, dismissed, and/or additional orders may be granted, including the imposition of court costs.
All witnesses and evidence, if any, must be presented at this time. In cases where temporary support issues have been alleged in the pleadings, each party is ordered to bring his or her financial affidavit □ Florida Family Law Rules of Procedure Form 12.902(b) or (c)), tax return, pay stubs, and other evidence of financial income to the hearing.
NOTICE: Because this is a civil case, there 'is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
-a. a court reporter is provided by the court.
-- b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}-, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
FINDINGS
*137 The statements made under oath by Petitioner make it appear that section 741.30, Florida Statutes, applies to the parties. It also appears that Petitioner is a victim of domestic violence by Respondent, and/or Petitioner has reasonable cause to believe he/she is in imminent danger of becoming a victim of domestic violence by Respondent, and that there is an immediate and present danger of domestic violence to Petitioner or persons lawfully with Petitioner.
TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner’s residence, going to Petitioner’s place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner’s motor vehicle, whether or not it is occupied; defacing or destroying Petitioner’s personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petition *138 er’s minor ehild(ren) go often: Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: ____
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_. b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the __County Sheriffs Department until further order of the court.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT, IF A PERMANENT INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE IS ISSUED FOLLOWING A HEARING REGARDING THIS MATTER, IN MOST CASES IT WILL BE A VIOLATION OF § 790.233, FLORIDA STATUTES, AND A FIRST DEGREE MISDEMEANOR, FOR RESPONDENT TO HAVE IN HIS OR HER CARE, CUSTODY, POSSESSION OR CONTROL ANY FIREARM OR AMMUNITION. ADDITIONALLY, IT WILL BE A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding the final injunction, if entered without Respondent being present at the hearing, and pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
5.Additional order(s) necessary to protect Petitioner from domestic violence:
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial all that apply; write N/A if does not apply]
6. - Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
7. — Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
8. — Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on *139 _, at_a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the home from which these items are to be retrieved shall accompany ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
9. _ ( ) Petitioner ( ) Respondent shall not damage or remove any furnishings or fixtures from the parties’ former shared premises.
10. _ Other: _
TEMPORARY SUPPORT
Temporary support, if requested by Petitioner in the Petition for Injunction for Protection Against Domestic Violence, will be addressed by the Court after notice to Respondent and hearing on the matter.
OTHER SPECIAL PROVISIONS

(This section to be used for inchision of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid in all counties of the State of . Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions which constitutes a criminal act under section 741.31, Florida Statutes.
3. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect *140 criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITH MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ' ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
*141 After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until( ) further order of the Court or ( )_This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner’s residence, going to Petitioner’s place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner’s motor vehicle, whether or not it is occupied; defacing or destroying Petitioner’s personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section, or unless paragraphs 13 through 19 below provide for contact connected with the temporary custody of and visitation with minor child(ren).
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} ____ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
*142 _ b. Other provisions regarding contact:
3. Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties, on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her. care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
_ iii. in this state or any other state, had at any time a prior injunction for protection entered against the respondent after a hearing with notice.
Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See § 711.30(6)(e), Florida Statutes.
b. Within ( )10 days ( )___ days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( )30 days ( )_days, (but no more than 30 days) of the date of this injunction:
__ i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
__ ii. A substance abuse evaluation at: _ or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
*143 _ iv. Other:
_ c. Although Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: _
__ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
6. Other provisions necessary to protect Petitioner from domestic violence: _
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; write N/A if not applicable]
7. ___ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
8. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
9. _ Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on _, at_a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
10. _ The following other personal possessions may also be removed from the premises at this time: _
*144 11. _ Other: _
TEMPORARY CUSTODY OF AND VISITATION WITH MINOR CHILD(REN)
12. Jurisdiction. Jurisdiction to determine custody of and visitation with any minor child(ren) listed in paragraph 2 below is proper under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).
13. Temporary Custody of Minor Child(ren). ( ) Petitioner ( ) Respondent shall have temporary custody of the parties’ minor child(ren) listed below:
Name Birth date
When requested by the custodial parent, law enforcement officers shall use any and all reasonable and necessary force to physically deliver the minor child(ren) listed above to custodial parent. The noncustodial parent shall not take the child(ren) from the custody of custodial parent or any child care provider or other person entrusted by the custodial parent with the care of the child(ren).
14. Type of Contact/Visitation with Minor Child(ren). The noncustodial parent shall have:
[Initial one only]
_ a. no contact with the parties minor children) until further order of the Court.
_ b. the following specified visitation with the parties’ minor child(ren), subject to any limitations set out below: {specify days and times} _
15. Limitations on Visitation. The above specified visitation shall be:
[Initial all that apply; write N/A if does not apply]
_ a. unsupervised.
— b. supervised by the following specified responsible adult: _
_ c. at a supervised visitation center located at: _ and shall be subject to the available times and rules of the supervised visitation center. The cost of such visits shall be paid by ( ) custodial parent ( ) noncustodial parent ( ) both: _
16. Arrangements for Contact/Visitation with Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
— a. A responsible person shall coordinate the visitation arrangements of the minor child(ren).
If specified, the responsible person shall be: {name} _
*145 _ b. Other conditions for visitation arrangements as follows: _
17.Exchange of Minor Child(ren).
[Initial all that apply; write N/A if does not apply]
_ a. The parties shall exchange the children) at ( ) school or daycare, or ( ) at the following loeation(s): _
_ b. A responsible person shall conduct all exchanges of the child(ren). The noncustodial parent shall not be present during the exchange. If specified, the responsible person shall be: {name} _
._. c. Other conditions for visitation exchange as follows:
18.Other Additional Provisions Relating to the Minor Child(ren).
TEMPORARY SUPPORT
19.Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
_ a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $_per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ beginning {date} ._This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date}_, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: _
._. c. Other provisions relating to alimony:
20.Temporary Child Support.
[Initial all that apply; write N/A if does not apply]
_ a. The Court finds that there is a need for temporary child support and that the noncustodial parent (hereinafter Obligor) has the present ability to pay child support. The amounts in the Child Support Guidelines Worksheet,^ □ Florida Family Law Form 12.902(e), filed by ( )Petitioner ( ) Respondent are correct OR the Court makes the following findings: The Petitioner’s net monthly income is $ _, (Child Support Guidelines _%). The Respondent’s net monthly income is $_, (Child Support Guidelines_%). Monthly child care costs are $_ *146 Monthly health/dental insurance costs are $_
_ b. Amount. Obligor shall pay temporary child support in the amount of $_, per month payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event at least once a month ( ) other {explain}: _ beginning {date}_, and continuing until further order of the court, or until {date/event} _, {explain}_ If the child support ordered deviates from the guidelines by more than 5%, the factual findings which support that deviation are: ___
_ c. ( ) Petitioner ( ) Respondent shall be required to maintain ( ) health ( ) dental insurance coverage for the parties’ minor child(ren) so long as reasonably available. OR ( ) Health ( ) dental insurance is not reasonably available at this time.
__ d. Any reasonable and necessary uninsured medical/dental/prescription drug costs for the minor children) shall be assessed as follows: _
_ e. ^ □ Florida Supreme Court Approved Family Law Form 12.902(j), Notice of
Social Security Number, is incorporated herein by reference.
__ f. Other provisions relating to child support: _
21. Method of Payment.
[Initial one only]
_. a. Obligor shall pay any temporary child support/alimony ordered through income deduction, and such support shall be paid to the state disbursement unit. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable state disbursement unit service charge. Until child support/alimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the state disbursement unit.
_ b. Temporary child supporValimony shall be paid through the state disbursement unit in the office of the {name of county} _ County Clerk of Circuit Court. Obligor shall also pay the applicable state disbursement unit service charge. Income deduction is not in the best interests of the child(ren) because: __
_ c. Other provisions relating to method of payment:
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, *147 except those regarding child support and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*148 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE WITHOUT MINOR CHILD(REN) (AFTER NOTICE)
The Petition for Injunction for Protection Against Domestic Violence under section 741.30, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Domestic Violence in this case should be ( )issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
FINDINGS
On {date} __, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of domestic violence or has reasonable cause to believe that he/she is in imminent danger of becoming a victim of domestic violence by Respondent.
INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( )__This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either *149 party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction at any time.
Any violation of this injunction, whether or not at the invitation of Petitioner or anyone else, may subject Respondent to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment. Certain willful violations of the terms of this injunction, such as: refusing to vacate the dwelling that the parties share; going to or being within 500 feet of Petitioner’s residence, going to Petitioner’s place of employment, school, or other place prohibited in this injunction; telephoning, contacting or communicating with Petitioner if prohibited by this injunction; knowingly or intentionally coming within 100 feet of Petitioner’s motor vehicle, whether or not it is occupied; defacing or destroying Petitioner’s personal property; refusing to surrender firearms or ammunition if ordered to do so by the court; or committing an act of domestic violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes. In addition, it is a federal criminal felony offense, punishable by up to life imprisonment, depending on the nature of the violation, to cross state lines or enter Indian country for the purpose of engaging in conduct that is prohibited in this injunction. 18 U.S.C. § 2262.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of domestic violence against Petitioner. Domestic violence includes: assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, false imprisonment, or any other criminal offense resulting in physical injury or death to Petitioner or any of Petitioner’s family or household members. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor ehild(ren) go often: _ Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ b. Other provisions regarding contact: _
3.Firearms. Unless paragraph a. is initialed below, Respondent shall not have in his or her care, custody, possession or control any firearm or ammunition. It is a violation of section 790.233, Florida Statutes, and a first degree misdemeanor, for *150 the respondent to have in his or her care, custody, possession or control any firearm or ammunition.
[Initial if applies; write N/A if not applicable]
_ a. Respondent is a state or local officer as defined in section 943.10(14), Florida Statutes, who holds an active certification, who receives or possesses a firearm or ammunition for use in performing official duties on behalf of the officer’s employing agency and is not prohibited by the court from having in his or her care, custody, possession or control a firearm or ammunition. The officer’s employing agency may prohibit the officer from having in his or her care, custody, possession or control a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: -
NOTE: RESPONDENT IS ADVISED THAT IT IS A FEDERAL CRIMINAL FELONY OFFENSE TO SHIP OR TRANSPORT IN INTERSTATE OR FOREIGN COMMERCE, OR POSSESS IN OR AFFECTING COMMERCE, ANY FIREARM OR AMMUNITION; OR TO RECEIVE ANY FIREARM OR AMMUNITION WHICH HAS BEEN SHIPPED OR TRANSPORTED IN INTERSTATE OR FOREIGN COMMERCE WHILE SUBJECT TO SUCH AN INJUNCTION. 18 U.S.C. § 922(g)(8).
4. Evaluation/Counseling.
[Initial all that apply; write N/A if does not apply]
a. The Court finds that Respondent has:
_ i. willfully violated the ex parte injunction;
_ ii. been convicted of, had adjudication withheld on, or pled nolo contendere to a crime involving violence or a threat of violence; and/or
___ iii. in this state or any other state, had at any time a prior injunction for pi’otection entered against the respondent after a hearing with notice.

Note: If respondent meets any of the above enumerated criteria, the Court must order the Respondent to attend a batterers’ intervention program unless it makes written factual findings stating why such a program would not be appropriate. See § 711.30(6) (e), Florida Statutes.

b. Within ( )10 days ( )_days, (but no more than 10 days) of the date of this injunction, Respondent shall enroll in and thereafter without delay complete the following, and Respondent shall provide proof of such enrollment to the Clerk of Circuit Court within ( )30 days ( )_days, (but no more than 30 days) of the date of this injunction:
_ i. A certified batterers’ intervention program from a list of programs to be provided by the Court or any entity designated by the Court. Respondent shall also successfully complete any substance abuse or mental health evaluation that the assessing program counselor deems necessary as a predicate to completion of the batterers’ intervention program.
_ ii. A substance abuse evaluation at: - _or a similarly qualified facility and any substance abuse treatment recommended by that evaluation.
_ iii. A mental health evaluation by a licensed mental health professional at: or any other similarly qualified facility and any mental health treatment recommended by that evaluation.
__ iv. Other: _
_. c. Athough Respondent meets the statutory mandate of attendance at a batterers’ intervention program, the Court makes the following written findings as to why the condition of batterers’ intervention program would be inappropriate: -
*151 _ d. Petitioner is referred to a certified domestic violence center and is provided with a list of certified domestic violence centers in this circuit, which Petitioner may contact.
5. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 741.30, Florida Statutes.
6. Other provisions necessary to protect Petitioner from domestic violence: _
TEMPORARY EXCLUSIVE USE AND POSSESSION OF HOME
[Initial if applies; write N/A if not applicable]
7. __ Possession of the Home. ( ) Petitioner ( ) Respondent shall have temporary exclusive use and possession of the dwelling located at: _
8. _ Transfer of Possession of the Home. A law enforcement officer with jurisdiction over the home shall accompany ( ) Petitioner ( ) Respondent to the home, and shall place ( ) Petitioner ( ) Respondent in possession of the home.
9. — Personal Items. ( ) Petitioner ( ) Respondent, in the presence of a law enforcement officer, may return to the premises described above ( ) on -, at_. a.m./p.m., or ( ) at a time arranged with the law enforcement department with jurisdiction over the home, accompanied by a law enforcement officer only, for the purpose of obtaining his or her clothing and items of personal health and hygiene and tools of the trade. A law enforcement officer with jurisdiction over the premises shall go with ( ) Petitioner ( ) Respondent to the home and stand by to insure that he/she vacates the premises with only his/her personal clothing, toiletries, tools of the trade, and any items listed in paragraph 10 below. The law enforcement agency shall not be responsible for storing or transporting any property. IF THE RESPONDENT IS NOT AWARDED POSSESSION OF THE HOME AND GOES TO THE HOME WITHOUT A LAW ENFORCEMENT OFFICER, IT IS A VIOLATION OF THIS INJUNCTION.
10. — The following other personal possessions may also be removed from the premises at this time: _
11.Other:
TEMPORARY SUPPORT
12.Temporary Alimony.
[Initial all that apply; write N/A if does not apply]
- a. The court finds that there is a need for temporary alimony and that ( ) Petitioner ( ) Respondent (hereinafter Obligor) has the present ability to pay alimony and shall pay temporary alimony to ( ) Petitioner ( ) Respondent (hereinafter Obligee) in the amount of $-per month, payable ( ) in accordance with Obligor’s employer’s payroll cycle, and in any event, at least once a month ( ) other {explain} _ *152 beginning {date}_This alimony shall continue until modified by court order, until a final judgment of dissolution of marriage is entered, until Obligee dies, until this injunction expires, or until {date} -, whichever occurs first.
_ b. ( ) Petitioner ( ) Respondent shall be required to maintain health insurance coverage for the other party. Any uncovered medical costs for the party awarded alimony shall be assessed as follows: -
c. Other provisions relating to alimony:
13. Method of Payment.
[Initial one only]
_ a. Obligor shall pay any temporary alimony ordered through income deduction, and such support shall be paid to the Central Government Depository in - County. Obligor is individually responsible for paying this support obligation in the event that all or any portion of said support is not deducted from Obligor’s income. Obligor shall also pay the applicable Central Government Depository sei-vice charge. Until alimony payments are deducted from Obligor’s paycheck pursuant to the Income Deduction Order, Obligor is responsible for making timely payments directly to the Central Government Depository.
_ b. Temporary alimony shall be paid through the Central Government Depository in the office of the {name of county} ._County Clerk of Circuit Court. Obligor shall also pay the applicable Central Government Depository service charge.
_ c. Other provisions relating to method of payment: -
OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid in all counties of the State of Florida. Violation of this injunction should be reported to the appx-opriate law enforcement agency. Law enforcement officers of the jui-isdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without warrant pursuant to section 901.15, Florida Statutes, for any violation of its px-ovisions, except those regarding child suppoi't and/or alimony, which constitutes a criminal act under section 741.31, Florida Statutes. When inconsistent with this order, any subsequent court order issued under Chapter 61, Florida Statutes, shall take precedence over this order on all matters relating to property division, alimony, child custody, or child support.
2. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA, AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES. The arresting agent shall notify the State Attorney’s Office immediately after arrest.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation, or Petitioner may contact the State Attorney’s office for assistance in filing an *153 action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*154 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(f), PETITION FOR INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
When should this form be used?
If you or a member of your immediate family are a victim of repeat violence, you can use this form to ask the court for a protective order prohibiting repeat violence. Repeat violence means that two incidents of violence have been committed against you or a member of your immediate family by another person, one of which must have been within 6 months of filing this petition. Repeat violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your *155 legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against repeat violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of repeat violence and that an immediate and present danger of repeat violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Repeat Violence, Florida Supreme Court Approved Family Law Form 12.980(k). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Repeat Violence (After Notice), ^ □ Florida Supreme Court Approved Family Law Form 12.980(1), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
*156 What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of repeat violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
[[Image here]]
*157 [[Image here]]
*158 [[Image here]]
*159 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(g), SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF PETITION FOR INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
You may use this form if your Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), or your Petition for Injunction for Protection Against Repeat Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(f), or your Petition for Injunction for Protection Against Dating Violence, % □ Florida Supreme Court Approved Family Law Form 12.980(n), or your Petition for Injunction for Protection Against Sexual Violence, % □ Florida Supreme Court Approved Family Law Form 12.890(q), was denied by the judge. You should use this supplemental affidavit to add facts or clarify the facts you wrote in your original petition. For a domestic violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent. For a repeat violence ease, you should include FACTS that establish that you or a member of your immediate family have or has been a victim of at least two prior incidents of violence, that one of those incidents occurred within the last six months and that there is an immediate and present risk of danger to you or a member of your immediate family. For a dating violence case, you should include FACTS that establish that you have been a victim of violence or are in imminent danger of becoming a victim of violence from the respondent who is an individual with whom you have or have had a continuing and significant relationship of a romantic or intimate nature, to be determined by consideration of such facts as the dating relationship existed within the past six months, the nature of the relationship included an expectation of affection or sexual involvement and the frequency and type of interaction between you and the individual included involvement over time and on a continued basis. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context. For a sexual violence case, you should include *160 FACTS that establish that you are a victim of sexual violence or the parent of a minor child living at home who is a victim of sexual violence, that you have reported the sexual violence to law enforcement and are cooperating in the criminal proceeding if there is one. You should attach the law enforcement agency incident report. If the respondent was in state prison for sexual violence against you or the minor child and respondent is out of prison or is getting out within 90 days of the petition, include that information in your supplemental affidavit, along with a copy of the notice of inmate release.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records.
What should I do next?
After you complete this supplemental affidavit, the clerk will attach it to your original petition and all the documents will be submitted to the judge as your “Amended Petition.”
[[Image here]]
*161 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(h), PETITIONER’S REQUEST FOR CONFIDENTIAL FILING OF ADDRESS
When should this form be used?
If you are the petitioner in a petition for injunction for protection against domestic violence action and you fear that disclosing your- address to the respondent would put you in danger, you should complete this form and file it with the clerk of the circuit court.
You cannot use this form in a petition for injunction for protection against repeat, dating, or sexual violence action.
This form should be typed or printed in black ink. After completing this form, you should file the original with the clerk of the circuit court in the county where your petition was filed and keep a copy for your records.
Form 12.980(h)
*162 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.9800), MOTION FOR EXTENSION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
If you are the petitioner on a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and that injunction will soon expire, you may use this form to request that the court extend the injunction. You must file a motion for extension BEFORE the previously entered order expires.
This form should be typed or printed in black ink. After completing this form, you should sign it before a notary public or the clerk of the circuit court. You should then file the original with the clerk in the county where the petition was filed and keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the *163 motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), □ Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at the hearing on your motion. After the hearing, if the judge grants your motion, he or she will prepare an Order Extending Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence, □ Florida Supreme Court Approved Family Law Form 12.980(m). After the judge signs the order, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the previously entered injunction AND a certified copy of the order extending that injunction with you at all times.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have.
Special notes ...
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, ^ OFlorida Supreme Court Approved Family Law Form 12.980(h), if your petition is for protection against domestic violence and you wish to keep your address confidential.
• When completing this form, you should make sure that your reasons for requesting that the injunction be extended are stated clearly and that you include all relevant facts.
[[Image here]]
*164 [[Image here]]
*165 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980Q), MOTION FOR MODIFICATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
This form may be used if you are a party to a previously entered injunction for protection against domestic violence, repeat violence, dating violence, or sexual violence and you want the court to modify the terms of the injunction. If you use this form, you are called the moving party.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You *166 should then file the original with the clerk in the county where the original petition was filed and keep a copy for your records. You must file a motion for modification before the previously entered order expires. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do next?
For your case to proceed, you will need to set a hearing on your motion. You must properly notify the other party of the motion and hearing. You should check with the clerk of court for information on the local procedure for scheduling a hearing. When you know the date and time of your hearing, you should file Notice of Hearing (General), % □ Florida Supreme Court Approved Family Law Form 12.923, or other appropriate notice of hearing form. You will need to serve a copy of your motion and Notice of Hearing to the other party. Service of your motion must be in a manner that is reasonably calculated to apprise the other party of your motion and the hearing. *Please note that if notice is mailed, the court in certain circumstances may not consider mailing to be adequate notice. If you want to be sure, you should consider using certified mail, return receipt requested, or having the motion personally served. If you are not represented by an attorney in this action, you must file proof that the other party personally received notice of your motion. This is a technical area of the law; if you have any questions about it, you should consult a lawyer. For more information on personal service, see the instructions for Summons: Personal Service on an Individual, % □ Florida Family Law Rules of Procedure Form 12.910(a).
You will need to appear at a hearing on your motion for modification of injunction. After the hearing, if the judge grants your motion, he or she will prepare a new injunction for protection that contains the modifications. After the judge signs the new injunction, the clerk will provide you with the necessary copies. Make sure that you keep a certified copy of the new injunction with you at all times!
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary domestic, repeat, dating, or sexual violence forms and will answer any question that you may have.
Special notes ...
If the injunction you are seeking to modify is for domestic violence and you want the court to modify alimony, custody of a minor children), or child support, you must establish that there has been a change in eircumstance(s), as required by chapters 61 Florida Statutes, or 741 Florida Statutes, as applicable, that requires this (these) modification(s). Be sure that you make these change(s) clear in your motion.
With this form you may also file the following:
• Petitioner’s Request for Confidential Filing of Address, % □ Florida Supreme Court Approved Family Law Form 12.980(h), if your petition is for domestic violence and you wish to keep your address confidential.
• Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) Affidavit, % □ Florida Supreme Court Approved Family Law Form 12.902(d), must be completed and attached if the *167 modifícation(s) you are seeking involves temporary custody of any minor ehild(ren).
• Family Law Financial Affidavit, % □ Florida Family Law Rules of Procedure Form 12.902(b) or (c), must be completed and attached if the modification(s) you are seeking involves temporary alimony or temporary child support.
• When completing this form, you should make sure that your reasons for requesting that the injunction be modified are stated clearly and that you include all relevant facts.
[[Image here]]
*168 [[Image here]]
*169 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Repeat Violence has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} -, at_a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Repeat Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable {name} _, at {room name/number, location, address, city} _ Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. All witnesses and evidence, if any, must be presented at this time.
*170 NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}_, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
The statements made under oath by Petitioner make it appear that section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of repeat violence and that an immediate and present danger of repeat violence exists to Petitioner or to a member of Petitioner’s immediate family.
SECTION III. TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or canse any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment or any criminal offense resulting in physical *171 injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.
2.No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _ or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: _.
[Initial if applies; write N/A if not applicable]
__ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ e. Other provisions regarding contact: _
3.Firearms.
[Initial all that apply; write N/A if does not apply]
- a. Respondent shall not use or possess a firearm or ammunition.
- b. Respondent shall surrender any firearms and ammunition in Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from repeat violence:
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

*172 SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under section 784.047, Florida Statutes.
3. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
*173 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST REPEAT VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Repeat Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Repeat Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of repeat violence.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ){date}-This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of repeat violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
*174 1. Violence Prohibited. Respondent shall not commit, or canse any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - or place where Petitioner attends school {list address of school} -; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: -
[Initial if applies; write N/A if not applicable]
_ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
._ c. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the___ County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: -
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5.Additional order(s) necessary to protect Petitioner from repeat violence:
*175 SECTION IY. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION Y. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING
THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under section 784.047, Florida Statutes.
2. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this ease is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*176 [[Image here]]
ORDER EXTENDING INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE ( ) DATING VIOLENCE ( ) SEXUAL VIOLENCE
THIS CAUSE came before the Court on {date} __, upon Petitioner’s motion for an extension of injunction for protection and it appearing to the Court as follows:
_ Ex parte. The claims in the motion for extension of injunction for protection make it appear to the Court that there is an immediate and present danger of domestic, repeat, dating, or sexual violence, as required under section 741.30 or section 784.046, Florida Statutes. The previously entered injunction is extended until {date} __A full hearing on the petition is scheduled for {date}_at_a.m./p.m. in
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_. c. If this is a repeat violence, dating violence, or sexual violence action, no electronic audio tape recording or court reporting services are provided by the court. A *177 party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address} _, {telephone} _, within 2 working days of your receipt of this order. If you are hearing or voice impaired, call TDD 1-800-955-8771.
_ After notice and hearing. Respondent was served with a copy of the temporary injunction, if applicable, and a notice of this hearing within the time required by Florida law and was afforded an opportunity to be heard. The notice and opportunity to be heard were sufficient to protect Respondent’s right to due process. The following persons attended the hearing: ( ) Petitioner ( ) Respondent.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds that Petitioner is a victim of domestic, repeat violence, dating violence, or sexual violence or reasonably fears that he/she will become a victim of domestic or dating violence from Respondent. The previously entered injunction is extended until {date} _, or until further order of the Court.
[[Image here]]
*178 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(n), PETITION FOR INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE
When should this form be used?
If you or a member of your immediate family are a victim of dating violence, you can use this form to ask the court for a protective order prohibiting dating violence. Dating violence means violence between individuals who have or have had a continuing and significant relationship of a romantic or intimate nature. The dating relationship must have existed within the past six months, the nature of the relationship must have been characterized by the expectation of affection or sexual involvement between the parties, and the frequency and type of interaction must have included that the persons have been involved over time and on a continuous basis during the course of the relationship. Dating violence does not include violence in a casual acquaintanceship or violence between individuals who only have engaged in ordinary fraternization in a business or social context. Dating violence includes assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kid-naping, or false imprisonment, or any criminal offense resulting in physical injury or death. Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
The parent or legal guardian of any minor child who is living at home may seek an injunction for protection against dating violence on behalf of the minor child. With respect to a minor child who is living at home, the parent or legal guardian must have been an eye-witness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or the other parent of your child(ren), whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, □ Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If you have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
*179 What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that you or a member of your immediate family are a victim of dating violence and that an immediate and present danger of dating violence to you or that family exists, the judge will sign a Temporary Injunction for Protection Against Dating Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(o). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Dating Violence (After Notice), □ Florida Supreme Court Approved Family Law Form 12.980(p), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not appear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of dating violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, % □ Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self-Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will help you complete any necessary forms. For further information, see section 784.046, Florida Statutes, and rule 12.610, Florida Family Law Rules of Procedure.
Form 12.980(n)
*180 [[Image here]]
*181 [[Image here]]
*182 [[Image here]]
I UNDERSTAND THAT BY FILING THIS PETITION, I AM ASKING THE COURT TO HOLD A HEARING ON THIS PETITION, THAT BOTH THE RESPONDENT AND I WILL BE NOTIFIED OF THE HEARING, AND THAT I MUST APPEAR AT THE HEARING.
I UNDERSTAND THAT I AM SWEARING OR AFFIRMING UNDER OATH TO THE TRUTHFULNESS OF THE CLAIMS MADE IN THIS PETITION AND THAT THE PUNISHMENT FOR KNOWINGLY MAKING A FALSE STATEMENT INCLUDES FINES AND/OR IMPRISONMENT. Dated: _
*183 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE
The Petition for Injunction for Protection Against Dating Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Dating Violence has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date} -, at-a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Dating Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable {name} _, at {room name/number, location, address, city} _, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including *184 the imposition of court costs. All witnesses and evidence, if any, must be presented at this time.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
_b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} -, {address}_, {telephone}_, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
The statements made under oath by Petitioner make it appear that section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of dating violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of dating violence by Respondent, and that an immediate and present danger of dating violence exists to Petitioner or to a member of Petitioner’s immediate family.
SECTION III. TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of dating violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
Any party violating this injunction may be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
*185 1. Violence Prohibited. Respondent shall not commit, or cause .any other person to commit, any acts of violence against Petitioner, including, assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall, have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person,- or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} _,_ or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: _■ _
[Initial if applies; write N/A if not applicable]
- b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: _
3.Firearms.
■[Initial all that apply; write N/A if does not apply]
—. a. Respondent shall not use or possess a firearm or ammunition.
- b. Respondent shall surrender any firearms and ammunition in Respondent’s possession to the County Sheriffs Department.
—. e. Other directives relating to firearms and ammunition: _
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from dating violence: _
SECTION IV. OTHER SPECIAL PROVISIONS

*186
(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_County, or any other authorized law enforcement officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provisions, which constitutes a criminal act under section 784.047, Florida Statutes.
3. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
4. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
[[Image here]]
*187 [[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DATING VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Dating Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Dating Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this ease, that Petitioner is a victim of dating violence and/or Petitioner has reasonable cause to believe he or she is in imminent danger of becoming a victim of an act of dating violence by Respondent, and that an immediate and present danger of dating violence exists to Petitioner or to a member of Petitioner’s immediate family.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ) {date}-This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of dating violence against Petitioner constitutes a misdemeanor of the first degree punishable by up to one year in jail, as provided by sections 775.082 and 775.083, Florida Statutes.
*188 Any party violating this injunction shall be subject to civil or indirect criminal contempt proceedings, including the imposition of a fine or imprisonment, and also may be charged with a crime punishable by a fine, jail, or both, as provided by Florida Statutes.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - or place where Petitioner attends school {list address of school} - or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: -
[Initial if applies; write N/A if not applicable]
._ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
___ c. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
_ c. Other directives relating to firearms and ammunition: _
4.Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5.Additional order(s) necessary to protect Petitioner from dating violence:
*189 [[Image here]]
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge as provided in Florida Family Law Rule 12.610.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction and are authorized to arrest without a warrant pursuant to section 901.15, Florida Statutes, for any violation of its provision, which constitutes a criminal act under section 784.047, Florida Statutes.
2. Should any Florida law enforcement officer having jurisdiction have probable cause to believe that Respondent has knowingly violated this injunction, the officer may arrest Respondent, confine him/her in the county jail without bail, and shall bring him/her before the Initial Appearance Judge on the next regular court day so that Respondent can be dealt with according to law. The arresting agent shall notify the State Attorney’s Office immediately after arrest. THIS INJUNCTION IS ENFORCEABLE IN ALL COUNTIES OF FLORIDA AND LAW ENFORCEMENT OFFICERS MAY EFFECT ARRESTS PURSUANT TO SECTION 901.15(6), FLORIDA STATUTES.
3. Reporting alleged violations. If Respondent violates the terms of this injunction and there has not been an arrest, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation or Petitioner may contact the State Attorney’s office for assistance in filing an action for indirect civil contempt or indirect criminal contempt. Upon receiving such a report, the State Attorney is hereby appointed to prosecute such violations by indirect criminal contempt proceedings, or the State Attorney may decide to file a criminal charge, if warranted by the evidence.
4. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
5. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent,
[[Image here]]
*190 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(q), PETITION FOR INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE
When should this form be used?
If you are a victim of sexual violence or the parent or legal guardian of a minor child who is living at home and is a victim of sexual violence, you can use this form to ask the court for a protective order prohibiting sexual violence. Sexual violence means any one incident of:
• sexual battery, as defined in chapter 794, Florida Statutes;
• a lewd or lascivious act, as defined in chapter 800, Florida Statutes, committed upon or in the presence of a person younger than 16 years of age;
• luring or enticing a child, as described in chapter 787, Florida Statutes;
• sexual performance by a child, as described in chapter 827, Florida Statutes; or
• any other forcible felony wherein a sexual act is committed or attempted
regardless of whether criminal charges based on the incident were filed, reduced, or dismissed by the state attorney. In order to get an injunction you must have reported the sexual violence to a law enforcement agency and be cooperating in the criminal proceeding if there is one. Attach the incident report by the law enforcement agency to your petition. It does not matter whether criminal charges based on the sexual violence have been filed, reduced, or dismissed by the state attorney’s office. You may also seek an injunction for protection against sexual violence if the respondent was sent to prison for committing one of the sexual violence crimes listed above against you or your minor child living at home and respondent *191 is out of prison or is getting our of prison within 90 days of your petition. Attach the notice of inmate release to your petition.
Because you are making a request to the court, you are called the petitioner. The person whom you are asking the court to protect you from is called the respondent. If you are seeking an injunction for protection against sexual violence on behalf of a minor child who is living at home, the parent or legal guardian must have been an eyewitness to, or have direct physical evidence or affidavits from eyewitnesses of, the specific facts and circumstances that form the basis of the petition. If you are under the age of eighteen and have never been married or had the disabilities of nonage removed by a court, one of your parents or your legal guardian must sign this petition on your behalf.
If the respondent is your spouse, former spouse, related to you by blood or marriage, living with you now or has lived with you in the past (if you are or were living as a family), or is the other parent of your child(ren) whether or not you have ever been married or ever lived together, you should use Petition for Injunction for Protection Against Domestic Violence, Florida Supreme Court Approved Family Law Form 12.980(a), rather than this form.
This form should be typed or printed in black ink. You should complete this form (giving as much detail as possible) and sign it the presence of a notary or in front of the clerk of the circuit court in the county were you live. The clerk will take your completed petition to a judge. You should keep a copy for your records. If have any questions or need assistance completing this form, the clerk or family law intake staff will help you.
What should I do if the judge grants my petition?
If the facts contained in your petition convince the judge that an immediate and present danger of violence exists, the judge will sign a Temporary Injunction for Protection Against Sexual Violence, ^ □ Florida Supreme Court Approved Family Law Form 12.980(r). A temporary injunction is issued without notice to the respondent. The clerk will give your petition, the temporary injunction, and any other papers filed with your petition to the sheriff or other law enforcement officer for personal service on the respondent. The temporary injunction will take effect immediately after the respondent is served with a copy of it. It lasts until a full hearing can be held or for a period of 15 days, whichever comes first, unless the respondent is incarcerated, and in such instance the temporary injunction is effective for 15 days following the date the respondent is released from incarceration. The court may extend the temporary injunction beyond 15 days for a good reason, which may include failure to obtain service on the respondent.
The temporary injunction is issued “ex parte.” This means that the judge has considered only the information presented by one side — YOU. Section I of the temporary injunction gives a date that you should appear in court for a hearing. You will be expected to testify about the facts in your petition. The respondent will be given the opportunity to testify at this hearing, also. At the hearing, the judge will decide whether to issue a Final Judgment of Injunction for Protection Against Sexual Violence (After Notice), ^ □ Florida Supreme Court Approved Family Law Form 12.980(s), which will remain in effect for a specific time period or until modified or dissolved by the court. If you and/or the respondent do not ap *192 pear, the temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs.
If the judge signs a temporary or final injunction, the clerk will provide you with the necessary copies. Make sure that you keep one certified copy of the injunction with you at all times!
What can I do if the judge denies my petition?
If your petition is denied on the grounds that it appears to the court that no immediate and present danger of sexual violence exists, the court will set a full hearing on your petition. The respondent will be notified by personal service of your petition and the hearing. If your petition is denied, you may: amend your petition by filing a Supplemental Affidavit in Support of Petition for Injunction for Protection, Florida Supreme Court Approved Family Law Form 12.980(g); attend the hearing and present facts that support your petition; and/or dismiss your petition.
Where can I look for more information?
Before proceeding, you should read “General Information for Self Represented Litigants” found at the beginning of these forms. The words that are in “bold underline” are defined in that section. The clerk of the circuit court or family law intake staff will provide you with necessary forms. For further information, see section 784.046, Florida Statutes.
[[Image here]]
*193 [[Image here]]
*194 [[Image here]]
*195 [[Image here]]
TEMPORARY INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE
The Petition for Injunction for Protection Against Sexual Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. Under the laws of Florida, the Court has jurisdiction of the petitioner and the subject matter and has jurisdiction of the respondent upon service of the temporary injunction. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. NOTICE OF HEARING
Because this Temporary Injunction for Protection Against Sexual Violence has been issued without notice to Respondent, Petitioner and Respondent are instructed that they are scheduled to appear and testify at a hearing regarding this matter on {date}-, at ___ a.m./p.m., when the Court will consider whether the Court should issue a Final Judgment of Injunction for Protection Against Sexual Violence, which shall remain in effect until modified or dissolved by the Court, and whether other things should be ordered. The hearing will be before The Honorable {name}_, at {room name/number, location, address, city}_, Florida. If Petitioner and/or Respondent do not appear, this temporary injunction may be continued in force, extended, or dismissed, and/or additional orders may be granted, including the imposition of court costs. All witnesses and evidence, if any, must be presented at this time.
NOTICE: Because this is a civil case, there is no requirement that these proceedings be transcribed at public expense.
YOU ARE ADVISED THAT IN THIS COURT:
_a. a court reporter is provided by the court.
*196 _b. electronic audio tape recording only is provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
_c. no electronic audio tape recording or court reporting services are provided by the court. A party may arrange in advance for the services of and provide for a court reporter to prepare a written transcript of the proceedings at that party’s expense.
A RECORD, WHICH INCLUDES A TRANSCRIPT, MAY BE REQUIRED TO SUPPORT AN APPEAL. THE PARTY SEEKING THE APPEAL IS RESPONSIBLE FOR HAVING THE TRANSCRIPT PREPARED BY A COURT REPORTER. THE TRANSCRIPT MUST BE FILED WITH THE REVIEWING COURT OR THE APPEAL MAY BE DENIED.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact {name} _, {address}_, {telephone} ._, within 2 working days of your receipt of this temporary injunction. If you are hearing or voice impaired, call TDD 1-800-955-8771.
SECTION II. FINDINGS
The statements made under oath by Petitioner make it appear that section 784.046, Florida Statutes, applies to the parties, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law.
SECTION III. TEMPORARY INJUNCTION AND TERMS
This injunction shall be effective until the hearing set above and in no event for longer than 15 days, unless extended by court order or unless the Respondent is incarcerated, and if incarcerated, shall be effective for 15 days following the date Respondent is released from incarceration. If a final order of injunction is issued, the terms of this temporary injunction will be extended until service of the final injunction is effected upon Respondent. This injunction is valid and enforceable in all counties of the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of sexual violence against Petitioner constitutes a contemptuous act.
Any party violating this injunction may be subject to civil or criminal contempt proceedings, including the imposition of a fine or imprisonment.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word, or act to do violence to Petitioner.
2. No Contact. Respondent shall have no contact with the Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with *197 Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} _ or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} ._:- or place where Petitioner attends school {list address of school} _; or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor children) go often: -
[Initial if applies; write N/A if not applicable]
_ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: -
3.Firearms.
[Initial all that apply; write N/A if does not apply]
_ a. Respondent shall not use or possess a firearm or ammunition.
_ b. Respondent shall surrender any firearms and ammunition in Respondent’s possession to the County Sheriffs Department.
_ e. Other directives relating to firearms and ammunition: -
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
5. Additional order(s) necessary to protect Petitioner from sexual violence: -
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. The Sheriff of_County, or any other authorized officer, is ordered to serve this temporary injunction upon Respondent as soon as possible after its issuance.
2. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement *198 agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction.
3. Reporting alleged violations. If Respondent violates the terms of this injunction, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation.
[[Image here]]
FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST SEXUAL VIOLENCE (AFTER NOTICE)
The Petition for Injunction for Protection Against Sexual Violence under section 784.046, Florida Statutes, and other papers filed in this Court have been reviewed. The Court has jurisdiction of the parties and the subject matter. The term “Petitioner” as used in this injunction includes the person on whose behalf this injunction is entered.
It is intended that this protection order meet the requirements of 18 U.S.C. § 2265 and therefore intended that it be accorded full faith and credit by the court of another state or Indian tribe and enforced as if it were the order of the enforcing state or of the Indian tribe.
SECTION I. HEARING
This cause came before the Court for a hearing to determine whether an Injunction for Protection Against Sexual Violence in this case should be ( ) issued ( ) modified ( ) extended.
The hearing was attended by ( ) Petitioner ( ) Respondent
( ) Petitioner’s Counsel ( ) Respondent’s Counsel
SECTION II. FINDINGS
*199 On {date}_, a notice of this hearing was served on Respondent together with a copy of Petitioner’s petition to this Court and the temporary injunction, if issued. Service was within the time required by Florida law, and Respondent was afforded an opportunity to be heard.
After hearing the testimony of each party present and of any witnesses, or upon consent of Respondent, the Court finds, based on the specific facts of this case, that Petitioner is a victim of sexual violence by Respondent and meets the requirements for an injunction established by law.
SECTION III. INJUNCTION AND TERMS
This injunction shall be in full force and effect until ( ) further order of the Court ( ) {date}_This injunction is valid and enforceable throughout all counties in the State of Florida. The terms of this injunction may not be changed by either party alone or by both parties together. Only the Court may modify the terms of this injunction. Either party may ask the Court to change or end this injunction.
Willful violation of the terms of this injunction, such as refusing to vacate the dwelling which the parties share, going to Petitioner’s residence, place of employment, school, or other place prohibited in this injunction, telephoning, contacting or communicating with Petitioner, if prohibited by this injunction, or committing an act of sexual violence against Petitioner constitutes a contemptuous act.
Any party violating this injunction shall be subject to civil or criminal contempt proceedings, including the imposition of a fine or imprisonment.
ORDERED and ADJUDGED:
1. Violence Prohibited. Respondent shall not commit, or cause any other person to commit, any acts of violence against Petitioner, including assault, aggravated assault, battery, aggravated battery, sexual assault, sexual battery, stalking, aggravated stalking, kidnaping, or false imprisonment, or any criminal offense resulting in physical injury or death. Respondent shall not commit any other violation of the injunction through an intentional unlawful threat, word or act to do violence to the Petitioner.
2. No Contact. Respondent shall have no contact with Petitioner unless otherwise provided in this section.
a. Unless otherwise provided herein, Respondent shall have no contact with Petitioner. Respondent shall not directly or indirectly contact Petitioner in person, by mail, email, fax, telephone, through another person, or in any other manner. Further, Respondent shall not contact or have any third party contact anyone connected with Petitioner’s employment or school to inquire about Petitioner or to send any messages to Petitioner. Unless otherwise provided herein, Respondent shall not go to, in, or within 500 feet of: Petitioner’s current residence {list address} - or any residence to which Petitioner may move; Petitioner’s current or any subsequent place of employment {list address of current employment} - or place where Petitioner attends school {list address of school} - or the following other places (if requested by Petitioner) where Petitioner or Petitioner’s minor child(ren) go often: -
[Initial if applies; write N/A if not applicable]
*200 _ b. Respondent may not knowingly come within 100 feet of Petitioner’s automobile at any time.
_ c. Other provisions regarding contact: _
3. Firearms.
[Initial all that apply; write N/A if does not apply]
___ a. Respondent shall not use or possess a firearm or ammunition.
._. b. Respondent shall surrender any firearms and ammunition in the Respondent’s possession to the_County Sheriffs Department.
._ c. Other directives relating to firearms and ammunition: _
4. Mailing Address. Respondent shall notify the Clerk of the Court of any change in his or her mailing address within 10 days of the change. All further papers (excluding pleadings requiring personal service) shall be served by mail to Respondent’s last known address. Such service by mail shall be complete upon mailing. Rule 12.080, Fla.Fam.L.R.P., section 784.046, Florida Statutes.
6. Additional order(s) necessary to protect Petitioner from sexual violence: _
SECTION IV. OTHER SPECIAL PROVISIONS

(This section to be used for inclusion of local provisions approved by the chief judge.)

SECTION V. DIRECTIONS TO LAW ENFORCEMENT OFFICER IN ENFORCING THIS INJUNCTION

(Provisions in this injunction that do not include a line for the judge to either initial or write N/A are considered mandatory provisions and should be interpreted to be part of this injunction.)

1. This injunction is valid and enforceable in all counties of the State of Florida. Violation of this injunction should be reported to the appropriate law enforcement agency. Law enforcement officers of the jurisdiction in which a violation of this injunction occurs shall enforce the provisions of this injunction.
2. Reporting alleged violations. If Respondent violates the terms of this injunction, Petitioner may contact the Clerk of the Circuit Court of the county in which the violation occurred and complete an affidavit in support of the violation.
3. Respondent, upon service of this injunction, shall be deemed to have knowledge of and to be bound by all matters occurring at the hearing and on the face of this injunction.
4. The temporary injunction, if any, entered in this case is extended until such time as service of this injunction is effected upon Respondent.
[[Image here]]
*201 [[Image here]]
INSTRUCTIONS FOR FLORIDA SUPREME COURT APPROVED FAMILY LAW FORM 12.980(t), PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE, REPEAT VIOLENCE, DATING VIOLENCE, OR SEXUAL VIOLENCE
When should this form be used?
You may use this form if you have a valid Final Judgment of Injunction for Protection Against Domestic Violence, Repeat Violence, Dating Violence, or Sexual Violence in force which has been violated. You should use this affidavit to state the essential facts which establish a violation of the Final Judgment of Injunction.
This form should be typed or printed in black ink. After completing this form, you should sign the form before a notary public or the clerk of the circuit court. You should then file the original with such clerk or judge as determined by the chief judge of your circuit to be the recipient of affidavits of violation, provide a copy to the state attorney of that circuit and keep a copy for your records.
[[Image here]]
*202 [[Image here]]
PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE FOR A VIOLATION OF FINAL JUDGMENT OF INJUNCTION FOR PROTECTION AGAINST ( ) DOMESTIC VIOLENCE ( ) REPEAT VIOLENCE ( ) DATING VIOLENCE ( )SEXUAL VIOLENCE
I,{full legal name}_, being sworn, certify that I have actual knowledge of the following facts as set forth and the following statements are true:
1. The Court has previously issued [/ one only]
._ a. Final Judgment of Injunction for Protection Against Domestic Violence
_ b. Final Judgment of Injunction for Protection Against Repeat Violence
_ c. Final Judgment of Injunction for Protection Against Dating Violence
_ d. Final Judgment of Injunction for Protection Against Sexual Violence in this case on the___ day of_,_
2. The Final Judgment of Injunction for Protection was served on Respondent on the_ day of_,_..
3. On {date} _, at {place and address} _ the following event(s) took place:
□ Cheek here if you are attaching additional pages to continue these facts.
4.Respondent has willfully violated the Injunction by (explain what Respondent did that violated the Order of Protection.) *203 □ Check here if you are attaching additional pages to continue these facts.
5. _ Check here if you are attaching copies of medical records for treatment you may have received for injuries referred to in your affidavit, or copies of any police or sheriff reports concerning incidents of violence involving you and Respondent.
6. Respondent acted to impair, interfere with, delay, hinder, lessen the authority of, dignity of, and embarrass the cause of justice in a manner contemptuous of this court. WHEREFORE, I respectfully request that the Court issue an Order to Show Cause, requiring Respondent to appear before the Court to show cause why Respondent should not be held in contempt of court for failure to abide by the terms and conditions of the Final Judgment of Injunction for Protection.
I understand that by filing this affidavit, I am asking the court to hold a hearing, that both Respondent and I will be notified of the hearing, and that I must appear at the hearing. In addition to my own testimony, I understand that I can bring other proof of the violation such as, for example, people who saw Respondent violate the order, pictures, medical records, police reports, or anything that might help show the judge how Respondent violated the Final Judgment of Injunction for Protection.
I have read every statement made in this affidavit and each statement is true and correct. I understand that the statements made in this affidavit are being made under penalty of perjury, punishable as provided in Section 837.02, Florida Statutes and that the punishment for knowingly making a false statement includes fines and/or imprisonment.
[[Image here]]
*204 [[Image here]]

. Over one hundred pages of forms were reviewed in this case alone.